IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRED A. DIXON, JR.,<br>TDCJ No. 1465237, | §<br>§<br>§ | |
| Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | No. 3:22-cv-1196-K-BN |
| BURT REYNOLDS, | §<br>§<br>§ | |
| Defendant. | § | |

## <u>ORDER ADMINISTRATIVELY CLOSING CASE</u>

This action filed *pro se* by Fred A. Dixon, Jr., a Texas prisoner, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Dixon is a vexatious litigant who has filed dozens of lawsuits and has been sanctioned multiple times in this Court and in the United States District Court for the Southern District of Texas. *See Dixon v. Montford Sec.*, No. 5:15-cv-138-C (N.D. Tex. July 1, 2015) (documenting cases and sanctions). In this district, the sanctions include (1) a bar on filing any civil suit unless he first pays the filing fee or files a motion for permission to file that explains why the complaint sets out a colorable basis for relief and that venue is proper in this district, *see Dixon v. Angleton Parole Dep't*, No. 3:03-cv-2790-K (N.D. Tex. Jan. 5, 2004); (2) payment of $100 monetary sanction before Dixon can seek leave to file any future lawsuits in this Court, *see Dixon v. Angleton Sheriff Dep't*, No. 3:05-mc-11-M (N.D. Tex. Mar. 8, 2005); and (3) a

requirement that he obtain prior authorization from a district judge or magistrate judge to file the lawsuit, *see Dixon v. Lake Charles, La. Sheriff's Dep't*, No. 3:03-cv-2232-M (N.D. Tex. Jan. 28, 2004). Notwithstanding these orders, Dixon has continued to file cases in this district, including this one, without complying with these orders.

As to this action, he has neither paid the filing fee, nor filed a motion explaining why his lawsuit sets out a colorable basis for relief, nor obtained prior authorization to file this action, nor shown that he has paid the $100 monetary sanction.

Therefore, because courts observe and enforce their own sanctions orders, and because Dixon has not complied with, at a minimum, the sanctions order entered in 5:15-cv-138-C, Dkt. No. 5, the Clerk of Court shall enter that sanctions order in this action and then ADMINISTRATIVELY CLOSE this action for Dixon's failure to comply with the terms of that order.

Any pending and future motions in this action shall be docketed for administrative purposes only and terminated. No action will be taken on those filings while this action remains closed under the sanctions order.

SO ORDERED.

DATED: June 6, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE